13CV04912
Div 3

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DIVISION

MICHAEL JOEL WEAVER )
)
**Plaintiff,** )
)
vs. ) Case No.: _____
) Division: _____
PERFORMANT RECOVERY, INC. ) Chapter 60
Registered Agent, The Corporation Company, Inc. )
112 SW 7th Street, Suite 3C )
Topeka, Kansas 66603 )
)
**Defendant.** )

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Michael Joel Weaver ("Weaver"), by and through counsel A. Scott Waddell of the Waddell Law Firm LLC, and for his Petition for Damages against Defendant Performant Recovery, Inc., states as follows.

1. Plaintiff resides in Johnson County, Kansas.

2. Defendant Performant Recovery, Inc. ("Performant") is a "debt collector" as defined by the FDCPA, specifically 15 U.S.C. § 1692 a(6).

3. Defendant Performant can be served by serving it at its Kansas registered agent The Corporation Company, Inc.'s location of 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. Jurisdiction and venue in the District Court of Johnson County are proper in that Defendant attempted to collect an alleged debt from Plaintiff in Johnson County, Kansas. Further, jurisdiction and venue in the District Court of Johnson County are proper in that plaintiff is a resident of Johnson County, Kansas. K.S.A. § 50-638 (b) *Venue* states, in full: "Every action pursuant to this act [KCPA] shall be brought in the district court of any county in which there occurred an act or practice declared to be a

*Clerk of the District Court, Johnson County, Kansas*
*07/07*

1

EXHIBIT A

violation of this act, or in which the defendant resides or the defendant's principal place of business is located. If the defendant is a nonresident and has no principal place of business within this state, then the non-resident can be sued either in the district court of Shawnee county or in the district court of any county in which there occurred an act or practice declared to be a violation of this act."

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a(3).

6. Defendant was and is attempting to collect an alleged "debt" as defined by 15 U.S.C. § 1692 a(5).

7. Beginning February 21, 2013 at approximately 3:47 p.m., Defendant's agents and/or employees began contacting Plaintiff regarding an alleged debt. During this phone call, Plaintiff advised Defendant of Plaintiff's ongoing bankruptcy proceedings and the automatic stay.

8. Plaintiff continued to receive several more calls from Defendant's agents and employees, including, but not limited to:

March 1, 2013 at 1:37 pm
March 4, 2013 at 2:02 pm
March 5, 2013 at 3:25 pm; and
March 19, 2013.

9. Although Plaintiff again advised Defendant of his then pending bankruptcy proceedings, Defendant's agents and employees continued to call and harass Plaintiff.

10. Specifically, during the March 5, 2013 call, Defendant's agent and employee "Whitney" insisted that Plaintiff make a payment, threatened to "destroy" Plaintiff's credit and stated she would continue to call Plaintiff despite being advised of the bankruptcy automatic stay.

11. The Kansas Supreme Court has previously held that an independent debt collection agency falls within the definition of a "supplier" and is subject to the provisions of the Kansas Consumer Protection Act ("KCPA").

*State ex rel. Miller v. Midwest Serv. Bur. of Topeka, Inc.*, 229 Kan. 322, 329, 623 P.2d 1343, 1349 (1981).

12. Plaintiff sent Defendant a *Nelson v. Miller* demand on April 11, 2013.

13. Defendant is vicariously liable for the actions and omissions of its employees and/or agents.

14. The Waddell Law Firm LLC's representation of Plaintiff in these claims against Defendant was approved by United States Bankruptcy Judge Dale L. Somers on June 20, 2013.

## COUNT ONE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff, for this Count One of Plaintiff's Petition for Damages against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

16. Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not limited to, the following;

    (a) engaging in conduct that had the natural consequence to harass, oppress and/or abuse Plaintiff in connection with the collection of a debt (15 U.S.C. § 1692d ); and

    (b) making false, deceptive, and misleading representations and collection means in connection with the collection of a debt (15 U.S.C. § 1692e ); and

    (c) threatening to take action(s) that cannot legally be taken (15 U.S.C. § 1692e(5); and

    (d) utilizing unfair or unconscionable means to collect or attempt to collect a debt (15 U.S.C. § 1692f); and

(e) repeatedly and/or continuously calling Plaintiff with the intent to annoy, abuse, and/or harass Plaintiff (15. U.S.C. § 1692 d(5) ); and

(f) failing to cease all further debt collection communications by telephone (15. U.S.C. § 1692 c(c) ); and

WHEREFORE, for Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant in the amount of $1,000.00 for the violation(s) of the FDCPA by Defendant, or for Plaintiff's actual damages, whichever is greater, for Plaintiff's costs in maintaining this action and reasonable attorney's fees at $275.00 per hour pursuant to 15 U.S.C. § 1692k(a)(3), for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

## COUNT TWO
## BREACH OF THE KANSAS CONSUMER PROTECTION ACT

17. Plaintiff, for this Count Two of Plaintiff's Petition for Damages against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

18. Defendant is a "supplier" under the Kansas Consumer Protection Act ("KCPA"), specifically K.S.A. § 50-624 (j).

19. Plaintiff is a "consumer" under the KCPA, specifically K.S.A. § 50-624 (b).

20. Defendant's attempts to collect a debt from Plaintiff constitute a "consumer transaction" under the KCPA, specifically K.S.A. § 50-624 (c).

21. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct.

22. Defendant's violations of K.S.A. § 50-627, Unconscionable acts and practices, include, but are not limited to:

(a) generally engaging in unconscionable conduct by repeatedly calling and dunning Plaintiff despite the Defendant's knowledge of the Plaintiff's bankruptcy's automatic stay, in violation of K.S.A. § 50-627 (a); and

(b) generally engaging in unconscionable conduct in "Whitney's" threats to destroy Plaintiff's credit, in violation of K.S.A. § 50-627 (a); and

(c) generally engaging in unconscionable conduct in "Whitney's" threats to continuing calling despite the Defendant's knowledge of the bankruptcy's automatic stay, in violation of K.S.A. § 50-627 (a); and

(d) generally engaging in unconscionable conduct, in violation of K.S.A. § 50-627 (a).

23. Defendant's violations of K.S.A. § 50-626, Deceptive acts and practices, include, but are not limited to:

(a) the supplier made willful use of a falsehood as to a material fact, in violation of K.S.A. § 50-626 (b)(2); and

(b) the supplier (generally) made false and/or misleading representations, knowingly or with reason to know, of fact, in violation of K.S.A. § 50-626 (a); and

(c) the supplier made false statements, knowingly or with reason to know, involving consumer rights, remedies or obligations, in violation of K.S.A. § 50-626 (b)(8).

24. For the benefit of the general public, Plaintiff is entitled to an injunction calculated to curb and prevent Defendant from continuing their practice of violating the Kansas Consumer Protection Act by engaging in the acts and practices set out above.

WHEREFORE, for Count Two of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant in the amount of $10,000.00 or for Plaintiff's actual damages, whichever is greater, for every violation of the Kansas Consumer Protection Act per K.S.A. § 50-636 (a), for Plaintiff's costs and legal fees at $275.00 per hour for attorney A. Scott Waddell in maintaining this action per

K.S.A. § 50-634(e), for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

Respectfully submitted,

/s/ A. Scott Waddell

A. Scott Waddell     KS# 20955
Waddell Law Firm LLC
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
scott@aswlawfirm.com
Telephone: 816-221-2555
Facsimile: 816-221-2508
**Attorney for Plaintiff**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MATTHEW JOEL WEAVER
                Plaintiff

vs

PERFORMANT RECOVERY INC
                Defendant

Case No: 13CV04912
Division:   3
K.S.A. Chapter 60

## REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for PERFORMANT RECOVERY INC whose address for service is:

    112 SW 7TH STREET, SUITE 3C
    TOPEKA, KS 66603

Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

SERVICE UPON REGISTERED AGENT:
THE CORPORATION COMPANY, INC.

By: /s/ A. SCOTT WADDELL
A. SCOTT WADDELL, #20955
2029 WYANDOTTE STE 100
KANSAS CITY, MO 64108
816-221-2555

*Clerk of the District Court, Johnson County Kansas*
*07/07/13  11:04pm SH*

13CV04912
Div 3

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISION

MICHAEL JOEL WEAVER           )
                              )
                Plaintiff,    )
                              )
vs.                           )   Case No. 13CV04912
                              )   Division 3
PERFORMANT RECOVERY, INC.     )   Chapter 60
                              )
                Defendant.    )

### PLAINTIFF'S RETURN OF SERVICE UPON DEFENDANT

PLAINTIFF hereby provides his proof and return of service that service of process was effectuated pursuant to K.S.A. § 60-303 (c)(4) by serving Defendant Performant Recovery, Inc. with a summons and a copy of the petition served upon their registered agent The Corporation Company, 112 SW 7th Street, Suite 3C, Topeka, KS 66603 on July 11, 2013. The return receipt is attached below:

[Return receipt card showing delivery to The Corporation Company, 112 SW 7th Street, Suite 3C, Topeka, KS 66603; signed and dated JUL 11 2013; Article Number: 7009 0820 0001 4308 5649; Certified Mail]

*Clerk of the District Court, Johnson County Kansas*
*07/15/13  06:50pm SS*

1